# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

MANUEL B. SOUSA
      Plaintiff

v.                                              C.A. NO.: 18-122-WES-LDA

UNITED STATES OF AMERICA
      Defendant

## AMENDED COMPLAINT

1. Plaintiff, Manuel B. Sousa is a resident of Portsmouth, Rhode Island.

2. Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Centers located at 1 Corporate Place, Middletown, RI 02842 and 830 Chalkstone Ave., Providence, RI 02908.

3. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Middletown VA Medical Center and Providence VA Medical Center are hereinafter collectively referred to as "VA Medical Center."

4. David Fortunato, MD, was at all relevant times licensed to practice medicine in the State of Rhode Island and held himself out to be a specialist in the field of cardiology.

5. Carol Ryan, MD, was at all relevant times licensed to practice medicine in the State of Rhode Island and held herself out to be a specialist in the field of internal medicine.

6. Sara Phillips, DDS, was at all relevant times licensed to practice dentistry in the State of Rhode Island and held herself out to be a specialist in the field of dental surgery.

7. East Bay Community Action Program, is and was, at all times relevant hereto, a domestic non-profit corporation existing under the laws of the State of Rhode Island with its principal place of business in the Town of Newport, Rhode Island.

1

8. The claims herein are brought against Defendant United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendants' negligence.

9. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2671 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

10. The monetary sum in controversy is sufficient to establish the jurisdiction of this Court.

## COUNT I

## NEGLIGENCE OF THE UNITED STATES OF AMERICA

11. Paragraphs 1-10 are incorporated by reference as if set forth fully herein.

12. On or about March 16, 2016, and thereafter, Defendant, VA Medical Center undertook for valuable consideration to provide medical treatment to Plaintiff Manuel B. Sousa.

13. It then and there became the duty of Defendant, VA Medical Center to exercise the degree of care and skill that was expected of reasonably competent practitioners and medical facilities in the same class to which it belongs, acting in the same or similar circumstances.

14. Nevertheless, on March 16, 2016, and thereafter, Defendant, VA Medical Center failed to exercise the requisite degree of care and skill by negligently diagnosing, treating, recommending treatment for, and supervising the care of Plaintiff Manuel B. Sousa, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff Manuel B. Sousa, thereby causing him to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

15. As a direct and proximate result of the negligence of Defendant VA Medical Center, by and through its agents, servants, and employees, Plaintiff, Manuel B. Sousa, was severely and permanently injured, has suffered and in the future will suffer a loss of enjoyment

of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer great pain of body, nerves and nervous system, and has expended and will in the future become liable to pay large sums of money for medical and hospital attention, has lost wages and will suffer loss of earning capacity in the future, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff, Manuel B. Sousa demands judgment against Defendant United States of America for compensatory damages, in such an amount as a jury may deem proper, plus interest and costs.

## COUNT II
## NEGLIGENCE OF JOHN DOE CORPORATION

16. Paragraphs 1-15 are incorporated by reference as if set forth fully herein.

17. On or about March 16, 2016, and thereafter, Defendant John Doe Corporation, by and through its agents, servants and employees, undertook for valuable consideration to provide medical and/ or surgical treatment to Plaintiff, Manuel B. Sousa.

18. It then and there became the duty of Defendant John Doe Corporation, by and through its agents, servants and employees, to exercise the degree of care and skill as is exercised by a reasonably competent hospital/ medical facility providing medical services at the time in question.

19. Nevertheless, on March 16, 2016, and thereafter, Defendant John Doe Corporation, through its agents, servants and employees, failed to exercise the requisite degree of care and skill by negligently diagnosing, treating, recommending treatment for, and supervising the care of Plaintiff Manuel B. Sousa, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff Manuel B. Sousa, thereby causing him to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

20. As a direct and proximate result of the negligence of Defendant John Doe Corporation, by and through its agents, servants and employees, Plaintiff Manuel B. Sousa was severely and permanently injured, has suffered and in the future will suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer great pain of body, nerves and nervous system, and has expended and will in the future become liable to pay large sums of money for medical and hospital attention, has lost wages and will suffer loss of earning capacity in the future, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff Manuel B. Sousa demands judgment against Defendant John Doe Corporation for compensatory damages, in such an amount as a jury may deem proper, plus interest and costs.

### COUNT III

### VICARIOUS LIABILITY
### JOHN DOE CORPORATION

21. Paragraphs 1-20 are incorporated by reference as if set forth fully herein.

22. At all relevant times herein mentioned, Defendant John/ Jane Doe was an agent, servant and/or employee of Defendant John Doe Corporation.

23. The aforementioned negligent conduct as alleged occurred in the course of said employment.

24. As a direct and proximate result of the negligence of the agent, servant and/or employee of Defendant John Doe Corporation, Plaintiff Manuel B. Sousa was severely and permanently injured, has suffered and in the future will suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer great pain of body, nerves and nervous system, and has expended and

will in the future become liable to pay large sums of money for medical and hospital attention, has lost wages and will suffer loss of earning capacity in the future, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff, Manuel B. Sousa demands judgment against Defendant John Doe Corporation for compensatory damages, in such an amount as a jury may deem proper, plus interest and costs.

## COUNT IV
## NEGLIGENCE OF JOHN/ JANE DOE

25. Paragraphs 1-24 are incorporated by reference as if set forth fully herein.

26. On or about March 16, 2016, and thereafter, Defendant, John/ Jane Doe undertook for valuable consideration to provide medical and surgical treatment to Plaintiff Manuel B. Sousa

27. It then and there became the duty of Defendant, John/ Jane Doe to exercise the degree of care and skill that was expected of reasonably competent practitioners in the same class to which he/ she belongs, acting in the same or similar circumstances.

28. Nevertheless, on March 16, 2016, and thereafter, Defendant, John/ Jane Doe failed to exercise the requisite degree of care and skill, and he/ she negligently rendered medical and/ or surgical treatment to Plaintiff, Manuel B. Sousa, thereby causing her to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

29. As a direct and proximate result of the negligence of Defendant, John/ Jane Doe, Plaintiff, Manuel B. Sousa, was severely and permanently injured, has suffered and in the future will suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform his usual daily activities, has suffered and will in the future suffer great pain of body, nerves and nervous system, and has expended and will in the future become liable to pay large sums of

money for medical and hospital attention, has lost wages and will suffer loss of earning capacity in the future, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff, Manuel B. Sousa demands judgment against Defendant John/ Jane Doe for compensatory damages, in such an amount as a jury may deem proper, plus interest and costs.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Plaintiff,
By his Attorneys,

/s/ Jennifer Gehringer Puerini
Jennifer Gehringer Puerini, Esq. (#8495)
Law Offices of Jennifer Gehringer Puerini, LLC
3 Stone Street
Newport, RI 02840
Phone: (401) 619-3009
Fax:    (401) 633-7350
E-mail: jennifer@jmgplaw.com

/s/ Gil A. Bianchi, Jr.
Gil A. Bianchi, Jr., Esq. (#6421)
Bianchi & Brouillard, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
Phone: (401) 223-2990
Fax:    (877) 548-4539
E-mail: gbianchi@bbrilaw.com

Dated: 09/20/2018

**CERTIFICATION**

I hereby certify that on the 20th of September, 2018 I will electronically the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Leslie J. Kane, Esquire
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
leslie.kane@usdoj.gov

/s/ Sarah Isherwood
Sarah Isherwood, Legal Assistant

**EXHIBIT 1**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>Office of Chief Counsel (02)<br>Dept. of Veterans Affairs<br>120 Le Brun Road<br>Buffalo, NY 14215 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Claimant - Manuel B. Sousa, Jr., 51 Middle Rd., Apt. 308, Portsmouth, RI 02871<br>Jennifer Gehringer Puerini, Esq., 3 Stone St., Newport, RI, 02840 - 401-619-3009<br>Gil Bianchi, Jr., Esq., 56 Pine St. #250, Providence, RI 02903 - 401-223-2990 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>Retired<br>[X] MILITARY  [ ] CIVILIAN | 4. DATE OF BIRTH<br>12/04/1947 | 5. MARITAL STATUS<br>Divorced | 6. DATE AND DAY OF ACCIDENT<br>03/16/2016   Wednesday | 7. TIME (A.M. OR P.M.)<br>unknown |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Mr. Sousa had a high risk dental procedure - extraction of an infected tooth, and his VA cardiologist of many years, Dr. Fortunato, did not prescribe prophylactic antibiotics despite Manuel's long history of severe mitral valve prolapse with mitral regurgitation. As a result, Manuel developed strep viridans bacteremia and endocarditis that went undiagnosed by his VA doctors for months causing him to need open heart surgery for a mitral valve replacement and a subsequent pericardiocentesis.

9.                                                          **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10.                                                       **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Mr. Sousa had a high risk dental procedure – extraction of an infected tooth, and his VA cardiologist of many years, Dr. Fortunato, did not prescribe prophylactic antibiotics despite Manuel's long history of severe mitral valve prolapse with mitral regurgitation. As a result, Manuel developed strep viridans bacteremia and endocarditis that went undiagnosed by his VA doctors for months causing him to need open heart surgery for a mitral valve replacement and a subsequent pericardiocentesis.

11.                                                                **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Zachary Sousa | 23 S. Baptist St., Apt. 1, Newport, RI 02840 |
| Alex Sousa | 21 Spring St., Newport, RI 02840 |
| Cathy Pappa | 15 Brooks Ave., Newport, RI 02840 |

12. (See instructions on reverse).                  **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| 0.00 | 1,500,000 | 0.00 | 1,500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br><br>M. Sousa | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>(401) 619-3009 | 14. DATE OF SIGNATURE<br>09/06/2017 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount.

N/A | 0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**